IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAS. ABRAHAM RAMEY, <br> AIS 160238, <br><br> Plaintiff, <br><br> v. <br><br> CHAPLAIN ASKEW, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:24-CV-303-MHT-KFP <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

Plaintiff Abraham Ramey, an inmate at the Easterling Correctional Facility in Clio, Alabama, has filed a Complaint on the form used by inmates for filing 42 U.S.C. § 1983 actions. He filed suit against several prison officials at Easterling and the Religious Review Board alleging a denial of his rights to religious expression under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., concerning religious accommodations for a religious diet and an exception to the grooming policy over hair length. Doc. 1 at 2–3. He requests damages and injunctive relief. *Id.* at 4.

Plaintiff also filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915(a). Doc. 2. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion (Doc. 2) be DENIED and that his Complaint (Doc. 1) be DISMISSED without prejudice.

**II.     DISCUSSION**

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not under "imminent danger" of serious physical injury "must pay the filing fee at the time he *initiates* suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original). The Eleventh Circuit has held that a district court should dismiss a prisoner's complaint without prejudice when the court "denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id*.

Plaintiff has filed several civil actions in the federal courts of Alabama.[1] Court records show that Plaintiff, while incarcerated or detained, was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a) in three or more cases or appeals that were dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) or 28 U.S.C. § 1915A(b)(1) as frivolous or malicious or for failing to state a claim on which relief may be granted.[2] *See, e.g.*, *Ramey v. Hightower*, Case No. 2:00-CV-911-ID-VMP (M.D. Ala. 2000) (dismissed as frivolous); *Ramey v. Money*, Case No. 2:00-CV-1475-MHT-VPM (M.D. Ala. 2000) (dismissed as

---

[1] *Available at* https://pacer.login.uscourts.gov.

[2] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

2

frivolous); *Ramey v. Riley*, Case No. 2:03-CV-565-JHH-PWG (N.D. Ala. 2005) (dismissed as frivolous); and *Ramey v. Barner*, Case No. 4:03-CV-801-WMA-PWG (N.D. Ala. 2004) (dismissed for failure to state a claim on which relief may be granted). These summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

As Plaintiff has three strikes, he may not proceed in forma pauperis unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770–771 (11th Cir. 2018) (explaining that facts must not be asserted in vague or conclusory manner and must show plaintiff was in imminent danger of serious physical injury at time complaint was filed). "General allegations . . . not grounded in specific facts . . . indicat[ing] that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, No. 3:06-CV-275-LAC-EMT, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff's allegations fail to demonstrate he faced imminent danger of serious physical injury at the time he filed his Complaint, as required to meet the exception to application of 28 U.S.C. § 1915(g). Consequently, his motion to proceed in forma pauperis is due to be denied under 1915(g) and his Complaint is due to be dismissed without prejudice.

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS the following:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice.

3. This case be DISMISSED before service of process.

Further, it is ORDERED that by **July 1, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3–1.

DONE this 10th day of June, 2024.

/s/ Kelly Fitzerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE